# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:08-cv-00062-MR-CH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) $19,923.00 IN UNITED STATES ) CURRENCY, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the "Motion for Relief from Judgment" filed by Frederick Gates ("Claimant"). [Doc. 11]. The Government has filed a Response. [Doc. 12].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint filed herein, as verified by Special Agent Joseph M. Burch of the Bureau of Immigration and Customs Enforcement, Claimant was driving south on Interstate 85 in Gaston County on September 19, 2007, when he was stopped for speeding by officers of the Gaston County Police Department.  During the traffic stop, officers detected an unusually strong odor of air freshener.  Upon questioning, a passenger

in the vehicle admitted to smoking marijuana earlier and gave a small bag of marijuana to one of the officers. Claimant consented to a check by a drug dog, which "alerted" in the back seat area of the vehicle. The defendant currency was located in several places within the vehicle, including under the back seat. [Doc. 1 at 2-3].

Following the seizure of the defendant currency, U.S. Customs and Border Protection ("CBP") sent notice of administrative forfeiture to Claimant at his reported address, 28 Howe Street, Apt. 1, Lewiston, Maine. [See Doc. 12-1]. In response, Claimant submitted a CBP claim form requesting that this matter be referred to the United States Attorney for court action. [See Doc. 12-2].

The Government commenced this civil forfeiture action on February 19, 2008. The Government attempted to deliver a copy of the Complaint to Claimant by sending certified mail to his Lewiston address. [Doc. 8]. The mail was returned as "Attempted – Not Known." [Doc. 8-1]. At that time, counsel was not aware that Claimant had been arrested and was no longer at the Lewiston address. The Government also published notice of this case in The Mecklenburg Times, a Charlotte, North Carolina, newspaper. [Doc. 9 at 2].

On May 14, 2008, the Government moved for entry of default and for entry of a default judgment as to all persons in the world. [Docs. 5, 6]. The Clerk entered default on May 21, 2008. [Doc. 7]. On June 3, 2008, the Court entered an Order granting the Government a default judgment of forfeiture against the defendant property. [Doc. 8].

Over four years later, Claimant filed the present motion, seeking relief from the Court's Judgment. [Doc. 11]. In an Affidavit submitted with his Motion, Claimant states that he was arrested on January 24, 2008 and has since been in custody of the Federal Bureau of Prisons.[1] Claimant asserts that his arrest and subsequent imprisonment in the District of Maine "prevented [him] from effectively responding to [the Government's] actions against [his] personal property." [Id. at 2].

## II.    DISCUSSION

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any other reason that justifies relief." In order to obtain relief under Rule 60(b), a

---

[1] The Government has confirmed that Claimant was arrested on that date and was in federal custody on drug conspiracy charges in the District of Maine when the Complaint was filed in the present case and sent by certified mail to claimant's Lewiston address. [Doc. 12 at 3]. Claimant pled guilty to these charges and was sentenced on September 21, 2010, to a term of imprisonment of 240 months. [Judgment in Criminal Case No. 2:08CR42 (D. Maine), Doc. 321].

3

party must demonstrate "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." Holt v. United States, No. 1:09CV122, 2010 WL 128667, at *2 (M.D.N.C. Mar. 29, 2010) (citing Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)).

In the present case, the Government concedes that the certified mail notice sent to Claimant's Lewiston address, while he was incarcerated in Maine awaiting trial on federal charges, was constitutionally deficient. [Doc. 12 at 5]. As the Government points out, however, in order to be entitled to relief under Rule 60(b), the Claimant must show more than defective notice; he also must show a meritorious claim for the defendant property. See Whiting v. United States, 231 F.3d 70, 74 (1st Cir. 2000) (affirming denial of motion for evidentiary hearing where "there was no adequate proffer of specific, material evidence or other reason to believe that anything material would be adduced"). The Claimant's present Motion does not refute the substantive allegations of the Government's Complaint or even attempt to assert a meritorious claim to the defendant property. Accordingly, the Claimant's Motion is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Claimant Frederick Gates's Motion for Relief from Judgment [Doc. 11] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: April 25, 2013

Martin Reidinger
United States District Judge